IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RHONDA OLSON, Plaintiff, vs. CITY OF ATKINSON, NEBRASKA acting Through the City of Atkinson, Nebraska Police Department; and TIM LARBY, Chief of Police of the City of Atkinson, Nebraska, acting in his individual and official capacities. Defendants. | ) | Case No. COMPLAINT and JURY DEMAND |

COMES NOW the Plaintiff, by and through her attorney, and for her causes of action against the Defendants states as follows:

1. This is an action seeking redress for the violation of Plaintiff's constitutionally and statutorily protected right to Equal Protection under the laws guaranteed to her by Art. I, §1 of the Constitution of the State of Nebraska, the 14th Amendment to the United States Constitution and 42 U.S.C. § 1983.

2. The female Plaintiff is a resident of Holt County, Nebraska.

3. Defendant City of Atkinson, Nebraska is a political subdivision located within the State of Nebraska. Defendant City of Atkinson, Nebraska manages, oversees, and controls the operations, conduct, actions, and activities of officials and employees of the Atkinson, Nebraska Police Department.

4. Defendant Tim Larby is the Chief of Police of the City of Atkinson, Nebraska. At all times alleged herein, he was acting in his individual and official

capacities and is being sued in each capacity. Upon information and belief, Defendant Larby is a resident of Holt County, Nebraska.

5. At all times alleged herein, Defendant Larby was acting within the scope and course of his employment with the City of Atkinson, Nebraska. As chief law enforcement officer of the City of Atkinson, Nebraska, Larby's "edicts and acts" fairly represent the official policy and custom of said City. The customs and policies of the City of Atkinson, Nebraska resulted in violations of Plaintiff's statutory and constitutional rights. Additionally, Chief Larby's own words and actions resulted in blatant and egregious violations of Plaintiff's statutory and constitutional rights.

6. This Court has original jurisdiction over the claim arising under federal law and the Constitution of the United States of America and concurrent jurisdiction over the claim arising under the Constitution of the State of Nebraska.

7. In 2008, the female Plaintiff applied for a police officer position with the City of Atkinson, Nebraska. At the time of her application, Plaintiff was a graduate of the Nebraska Law Enforcement Training Center, had obtained her Associates of Applied Science Degree in Criminal Justice, was a member of the Phi Theta Kappa Honor Society, and had substantial law enforcement experience. Plaintiff was well qualified for the position she sought with the City of Atkinson, Nebraska.

8. Defendant Larby rejected Plaintiff's application for employment. Larby hired a less qualified male who had not attended or graduated from the Nebraska Law Enforcement Training Center. The successful male applicant, who was Larby's brother in-law, was woefully and substantially less qualified than the Plaintiff for the police officer position.

9. Shortly after her application was rejected, Plaintiff questioned Larby about why she was not hired; she diligently investigated the rejection of her application. Larby told her he could hire anyone he wanted, he didn't care about the certifications held by the applicants, and that he hired the person he thought was best for the position. Plaintiff reasonably believed Larby had simply engaged in nepotism by hiring his less qualified brother-in-law. Larby actively concealed and/or misrepresented material facts regarding the discrimination notwithstanding Plaintiff's diligent efforts to discover the truth about the rejection of her application.

10. After having her employment application rejected by the City of Atkinson, Plaintiff applied for and was hired for a police officer position in Yankton, South Dakota in February, 2009. This position required Plaintiff to move her family from her hometown of Atkinson, NE to Yankton, SD.

11. As part of the application process with Yankton Police Department, a complete background check was conducted on Plaintiff by T.R. Bailey, a member of Yankton Police Department.

12. In November, 2008, as part of the background check, Mr. Bailey traveled to Atkinson, NE to interview Tim Larby, Atkinson Police Chief regarding the Plaintiff. The interview of Chief Larby was reduced to writing by Mr. Bailey in a multi-page document dated December 3, 2008.

13. Mr. Bailey noted the following with regard to his interview of Chief Larby: "I met with Tim Larby, Atkinson Police Chief. Tim does know Rhonda and her husband Ryan. Tim stated Rhonda applied with his department but he hired his brother-in-law instead. <u>Tim stated he doesn't think the community is ready for a female police officer and that wasn't a battle he was willing to take on</u>..." Attached

hereto and incorporated herein by reference as Exhibit A is a redacted copy of the relevant portions of Mr. Bailey's report.

14. Plaintiff was injured in the scope and course of her employment with the Yankton Police Department in November, 2011. She left employment with Yankton PD in July, 2013. Plaintiff retained South Dakota legal counsel to represent her with regard to the workers' compensation claim. The claim has been protracted due to the nature and extent of the injury.

15. In May, 2017, as part of the workers' compensation litigation, the Yankton police department produced a full copy of the pre-employment background report authored by Mr. Bailey to Plaintiff's workers' compensation legal counsel. On or about May 30, 2017, plaintiff first learned that Chief Larby had discriminated against her on the basis of her gender in 2008.

16. In November, 2017, Plaintiff received a copy of the aforementioned pre-employment background report, including the discriminatory comments of Chief Larby that "the community [wasn't] ready for a female police officer and that wasn't a battle he was willing to take on."

17. Prior to May, 2017, Plaintiff had no reason to believe Larby had discriminated against her on the basis of her gender; rather, Plaintiff reasonably believed that Larby had engaged in nepotism by hiring his unqualified brother- in- law for the position plaintiff had sought.

18. Since discovering the unlawful action of the Defendants in May, 2017, Plaintiff sought to retain legal counsel to assist her in prosecuting this blatant and egregious constitutional violation against the Defendants. Olson successfully retained counsel in late January, 2018 and this lawsuit ensued.

19. Equitable estoppel and/or equitable tolling and/or the Nebraska discovery rule make the instant action timely as Defendants took active steps to conceal or misrepresent material facts regarding the discrimination, Plaintiff did not possess enough information to know that the adverse action was discriminatory until May 30, 2017, and Plaintiff was diligent in attempting to discover the truth in 2008 shortly after her application was rejected; however, the true discriminatory reasons for the rejection of her application were concealed from her by the Defendants.

20. The edicts or acts of Larby, who had final decision making authority to set policy and/or custom for the police department of Atkinson, Nebraska and/or the customs or policies of the City were the proximate cause of personal injuries to the Plaintiff, including but not limited to special damages (such as lost wages and substantially more expensive health, dental, life and disability insurance for the Plaintiff and her family, and relocation expenses to Yankton, SD), emotional distress, humiliation, other compensatory damages, attorney's fees and costs and other damages not specifically set forth herein.

21. The Plaintiff's statutory and constitutional rights that were violated by Defendants were clearly established at the time of the deprivation.

22. At all times relevant, Defendants acted recklessly or in willful disregard of the Plaintiff's statutory and constitutional rights. Punitive damages against the individually named defendant is appropriate.

COUNT I

Plaintiffs incorporates paragraphs 1 through 22 as if fully set forth herein.

23. Defendants have violated Plaintiff's constitutional and statutory right to Equal Protection under the laws in contradiction of the Constitutions of the State

of Nebraska (Art. 1, §1), the United States of America (14th Amendment) and 42 U.S.C. § 1983.

24. Plaintiff has suffered and will continue to suffer general and special damages as a result of Defendants' unlawful conduct.

25. Punitive damages against Defendant Larby in his individual capacity is appropriate given his willful and/or reckless disregard of the Plaintiff's constitutionally and statutorily protected rights.

WHEREFORE, Plaintiff respectfully request that this Court assume jurisdiction herein as to all counts alleged herein and grant the following relief:

a. Declare the conduct of the Defendants to be violative of the rights of the Plaintiff under the appropriate state or federal law(s) and/or constitutions;

b. Award Plaintiff general and special damages incurred in an amount to be determined by a jury of her peers;

c. Award the Plaintiff punitive damages against Defendant Larby in his individual capacity;

d. Enjoin the Defendants from engaging in any further illegal actions against the Plaintiff;

e. Award Plaintiff costs and reasonable attorney's fees and such other and further relief as the Court deems just and reasonable and appropriate to correct the wrong done to the Plaintiff.

BY: s/Kathleen M. Neary

Kathleen M. Neary #20212
POWERS LAW
411 South 13th Street, Suite 300
Lincoln, NE 68508

(402) 474-8000
kathleen@vpowerslaw.com

AND

Jason S. Doele #23034
STRATTON, DeLAY, DOELE, CARLSON & BUETTNER, P.C., L.L.O.
200 W. Benjamin Avenue
P.O. Box 888
Norfolk, NE 68701
(402) 371-3100
jdoele@norfolknelaw.com

DEMAND FOR JURY TRIAL

Plaintiffs requests a jury trial in Lincoln, Nebraska.

s/Kathleen M. Neary
Kathleen M. Neary NSBA 20212

Yankton Police Department

# Memo

To: Lt. Payer

From: T. R. Bailey

Date: 12-03-08

Re: Rhonda Olson

---

This report is in regards to the continued background investigation of Police Officer applicant Rhonda Olson of Atkinson Nebraska. I contacted Rhonda Olson who advised she was definitely still interested in the position. Rhonda was driving to attend a class on Drug Driving when I contacted her.

On 10-31-08 I mailed a Police Officer Background Packet to Rhonda. On 11-10-08 I received transcripts from West Holt High School and Central Community College for Rhonda Fix (Olson). On 11-13-08 I received the completed remaining documents from Rhonda Olson by certified mail (#7007 2680 0002 4983 3519).



On 11-18-08 I traveled to Nebraska to continue the background investigation.





Ex A

003677



- I met with **Tim Larby, Atkinson Police Chief.** Tim does know Rhonda and her husband Ryan. Tim stated Rhonda applied with his department but he hired his brother-in-law instead. Tim stated he doesn't think the community is ready for a female police officer and that wasn't a battle he was willing to take on. Tim stated Rhonda did call and talk to him about not hiring her and stated she was upset with his decision. Tim is not aware of any legal, criminal, or domestic problems with Rhonda or her husband. He did not have anything negative to say about Rhonda



## CONCLUSION



Sincerely,

Todd R. Bailey