IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RHONDA OLSON, | ) | |
| | ) | |
| Plaintiff(s), | ) | 4:18CV3017 |
| | ) | |
| | ) | |
| v. | ) | **RULE 26(f) REPORT** |
| | ) | |
| CITY OF ATKINSON, NEBRASKA, | ) | |
| Acting through the City of Atkinson, | ) | |
| Nebraska Police Department; and TIM | ) | |
| LARBY, Chief of Police of the City of | ) | |
| Atkinson, Nebraska, acting in his individual | ) | |
| and official capacities. | ) | |
| | ) | |
| Defendants. | ) | |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

    For the Plaintiff:    Kathleen Neary, #20212
    Powers Law
    411 South 13th Street, Suite 300
    Lincoln, NE   68508
    (402) 474-8000
    kathleen@vpowerslaw.com

    Jason Doele, #23034
    Stratton, DeLay, Doele, Carlson & Buettner, P.C., LLC.
    200 West Benjamin Avenue
    P.O. Box 888
    Norfolk, NE   68701
    (402) 371-3100
    jdoele@norfolknelaw.com

|  |  |
|---|---|
| For the Defendants: | Jerry L. Pigsley, #16639<br>Woods & Aitken LLP<br>301 South 13th Street, Suite 500<br>Lincoln, NE 68508<br>(402) 437-8500<br>jpigsley@woodsaitken.com |

**(Identify, for each party, the counsel who participated in preparing the Rule 26(f) Report)**.

The parties discussed the case and jointly make the following report:[1]

## I. INITIAL MATTERS:

A. <u>Jurisdiction and Venue</u>: The defendant

\_\_\_\_\_ does

__X__ does not

contest jurisdiction and/or venue. If contested, such position is because:

1) Jurisdiction: _____

2) Venue: _____

B. <u>Immunity</u>: The defendant Tim Larby

__X__ has raised

\_\_\_\_\_ will raise

\_\_\_\_\_ will not raise

---

[1] Counsel are advised to use caution in filing this report as well as other documents so there is no disclosure of information required by the E-Government Act of 2002 to be kept non-public, such as addresses, phone numbers, social security numbers, etc. If such identifiers are required to be disclosed to opposing parties, you may wish to file redacted versions for the public court file and serve opposing parties with unredacted versions. See NECivR 5.3, available on the court's Website at www.ned.uscourts.gov.

–2–

an immunity defense based on <u>qualified immunity                          </u>.

C. If either jurisdiction or venue is being challenged, or if a defense of immunity will be raised, state whether counsel wish to delay proceeding with the initial phases of discovery until those issues have been decided, and if so, state (i) the earliest a motion to dismiss or transfer will be filed, and (ii) what, if any, initial discovery, limited to that issue, will be necessary to resolve the motion. ___

<u>The parties will not seek a delay of the proceedings pending ruling on Defendant Larby's qualified immunity defense</u>.

D. Rule 11 Certification:  As a result of further investigation as required by Fed. R. Civ. P. 11, after filing the initial pleadings in this case, the parties agree that the following claims and defenses raised in the pleadings do not apply to the facts of this case, and hereby agree the court may dismiss or strike these claims and defenses at this time (an order adopting this agreement will be entered).

<u>None.          </u>

## II. CLAIMS AND DEFENSES:

A. <u>Plaintiff's Claims, Elements</u>: The elements of the plaintiff's claims and the elements disputed by defendant are as follows.  For each claim, list and number each substantive element of proof (DO NOT repeat boilerplate allegations from pleadings):

1) CLAIM ONE: <u>  Equal Protection Claim</u>

   Elements:

   (1) Plaintiff is a woman;

   (2) Plaintiff was qualified for a law enforcement position she sought with the City of Atkinson, Nebraska in 2008;

   (3) Due to Plaintiff's gender, Defendant Tim Larby, acting in his official and individual capacities, rejected Plaintiff's employment application and hired a less qualified man for the position;

   (4) Defendant Larby was acting under color of state law when he engaged in the discriminatory conduct;
   (5) The right to be free from gender discrimination was clearly established at the time of the unlawful conduct;

–3–

    (6)    Defendant City of Atkinson, Nebraska had a policy, custom or practice of discriminating against female applicants for employment as law enforcement officers; (and/or)

    (7)    Defendant Tim Larby's acts and edicts fairly represent the Defendants' policies, customs or practices;

    (8)    Defendants acted with deliberate indifference to Plaintiff's constitutionally protected rights;

    (9)    Plaintiff suffered damages as a result of Defendants' conduct;

    10)    Due to Defendant Larby's willful, wanton and/or deliberate disregard of Plaintiff's constitutional rights, punitive damages are appropriate against Larby in his individual capacity.

Of these elements, defendant disputes the following: __2-10 above__.

B.    Defenses. The elements of the affirmative defenses raised by the pleadings are as follows. List each affirmative defense raised or expected to be raised by the defendant(s), and the substantive elements of proof (DO NOT repeat boilerplate allegations from pleadings or deny matters on which the plaintiff has the burden of proof):

1)    DEFENSE ONE: <u>Plaintiff has failed to state a claim upon which relief may be granted</u>.

Elements:

(1)    Defendants are not responsible for any alleged violation of the Plaintiff's Equal Protection Constitutional Claim;

(2)    Any allegation of reckless actions by the Defendants are insufficient to state a claim for depravation of the Plaintiff's Equal Protection Constitutional Claim;

(3)    The alleged depravation of the Plaintiff's Equal Protection Constitutional Claim was not as the result of any policy, practice, or custom of the Defendant City of Atkinson or any other City official;

(4)    Defendant City of Atkinson cannot be held liable under *respondent superior* basis under 42 U.S.C. § 1983.

–4–

2) DEFENSE TWO:  <u>Plaintiff's claims are time barred</u>.

    Elements:

    (1) Plaintiff's alleged claims are barred by the governing statutes of limitations.

3) DEFENSE THREE:  <u>No damages sustained</u>.

    Elements:

    (1) Plaintiff has not sustained any recoverable general or special damages.

4) DEFENSE FOUR:  <u>Policies addressed claims</u>.

    Elements:

    (1) Defendant City of Atkinson promulgated and maintained policies and procedures designed to prevent and correct any alleged discrimination in the workplace, including discrimination based on gender.

5) DEFENSE FIVE:  <u>Failure to mitigate damages</u>.

    Elements:

    (1) Plaintiff has failed to mitigate her damages.

6) DEFENSE SIX:  <u>Qualified immunity</u>.

    Elements:
    (1) Defendant Tim Larby is entitled to qualified or "good faith" immunity.

Plaintiff disputes all defenses and elements by Defendants.

## III. SETTLEMENT:

Counsel state:

   __X__ There have been no efforts taken yet to resolve this dispute.

   _____ This dispute has been the subject of efforts to resolve it

    \_\_\_\_\_ prior to filing in court.

    \_\_\_\_\_ after court filing, but before the filing of this report.

    Those efforts consisted of
    _____.

\_\_\_\_\_ Counsel have discussed the court's Mediation Plan and its possible application in this case with clients and opposing counsel.

    \_\_\_\_\_ Mediation will be appropriate in this case at some point.

    \_\_\_\_\_ Mediation will not be appropriate because _____
    _____.

\_\_\_\_\_ Counsel believe that with further efforts in the future, the case can be settled. The parties will be prepared to discuss settlement, or again discuss settlement by _____
    _____.

    Explain. _____

**IV.**   **CASE PROGRESSION:**

A.   Do any of the parties believe an initial planning conference would be beneficial and/or should be held before a final scheduling order is entered? <u>No.</u>

    Explain. _____

B.   Mandatory disclosures required by Rule 26(a)(1), including a statement of how each matter disclosed relates to the elements of the disclosing party's claims or defenses

    \_\_\_\_\_ have been completed.

    \_\_X\_\_ will be completed by <u> April 16, 2018                 </u>.

C.   Motions to amend the pleadings or to add parties.

    1)     The plaintiff

        \_\_\_\_\_ does

    ___X_ does not

    anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by ___May 15, 2018_____.

  2) The defendant

    _____ does

    __X__ does not

    anticipate need to amend pleadings or add parties. Any motions to amend pleadings shall be filed by ____May 29, 2018___.

  If more than ninety days are needed, state the reason(s) why such time is necessary.
  _____

D. Experts.

  1) If expert witnesses are expected to testify at the trial, counsel agree to at least **identify** such experts, by name and address, (i.e., without the full reports required by Rule 26(a)(2)), by __June 30, 2018_.

  2) Experts and, unless otherwise agreed, expert **reports** shall be served by _July 31, 2018____. **Note**: The parties may agree on separate dates for the plaintiff(s) and the defendant(s).

  3) Motions to exclude expert testimony on *Daubert* and related grounds will be filed by __September 30, 2018.

E. Discovery.

  1) Written discovery under Rules 33 through 36 of the Federal Rules of Civil Procedure will be completed by August 31, 2018____.

  2) Depositions, whether or not they are intended to be used at trial, will be completed by _August 31, 2018_____.

  3) Agreed Discovery Procedures:

    a. Unique Circumstances. The following facts or circumstances unique to this case will make discovery more difficult or more time consuming:

–7–

<u>Mr. T.R. Bailey is a significant witness in the above-captioned matter.  Mr. Bailey lives and works in South Dakota</u>.

Counsel have agreed to the following actions to address that difficulty:

<u>Mr. Bailey may testify at trial via deposition</u>.

b. <u>Electronic Discovery Provisions</u>: Counsel have conferred regarding the preservation of electronically produced and/or electronically stored information or data that may be relevant--whether privileged or not--to the disposition of this dispute, including:

(i) The extent to which disclosure of such data should be limited to that which is available in the normal course of business, or otherwise;

(ii) The anticipated scope, cost, and time required for disclosure of such information beyond that which is available in the normal course of business;

(iii) The format and media agreed to by the parties for the production of such data or information as well as agreed procedure for such production;

(iv) Whether reasonable measures have been implemented to preserve such data;

(v) The persons who are responsible for such preservation, including any third parties who may have access to or control over any such information;

(vi) The form and method of notice of the duty to preserve;

(vii) Mechanisms for monitoring, certifying, or auditing custodial compliance;

(viii) Whether preservation will require suspending or modifying any routine business processes or procedures, records management procedures and/or policies, or any procedures for the routine destruction or recycling of data storage media;

(ix) Methods to preserve any potentially discoverable materials such as voice mail, active data in databases, or electronic messages;

    (x) The anticipated costs of preserving these materials and how such costs should be allocated; and

    (xi) The entry of and procedure for modifying the preservation order as the case proceeds.

The parties agree that:

__X__ No special provisions are needed in respect to electronic discovery. The court should order protection and production of such information in accordance with its usual practice.

_____ As to electronically stored information, the following provisions will be followed by the parties: _____.

 c. <u>Privileged and/or confidential communications and information</u>.
  **General practice**: Under the court's general practice, if any document is withheld from production or disclosure on the grounds of privilege or work product, the producing party shall, for each document, disclose a description of the document withheld with as much specificity as is practicable without disclosing its contents, including (a) the general nature of the document; (b) the identity and position of its author; (c) the date it was written; (d) the identity and position of its addressee; (e) the identities and positions of all persons who were given or have received copies of it and the dates copies were received by them; (f) the document's present location and the identity and position of its custodian; and (g) the specific reason or reasons why it has been withheld from production or disclosure. The non-producing party may move to compel documents identified on the privilege log. The producing party may also seek a protective order to preserve the privilege or confidentiality of the documents identified.

  **Special provisions**. To facilitate an early, efficient, and expeditious resolution of discovery issues which may arise related to documents withheld on the basis of alleged privilege or confidentiality, the parties shall discuss and consider:

  (i) Whether the parties anticipate discovery issues or challenges arising from non-disclosure of allegedly confidential information;

      (ii)    Whether reasonable date ranges should be established after which privilege log entries for privileged or confidential information need not be made; and

      (iii)    As contemplated by Rule 502(e) of the Federal Rules of Evidence, the need for and terms of any agreement regarding disclosure of privileged attorney-client communications or confidential work product, and whether the parties will seek court approval of any such agreement.

The parties agree that:

__X__ No special provisions are needed regarding discovery of allegedly confidential information. If such issues arise, they will be resolved in accordance with the court's general practice.

_____ In addition to, or in lieu of the court's general practice for asserting confidentiality claims and resolving disputes over nondisclosure of allegedly confidential information, the parties agree the following provisions will be followed: _____.

d.    The maximum number of interrogatories, including sub-parts, that may be served by any party on any other party is _40_____.

e.    The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is ___10_.

f.    Depositions will be limited by Rule 30(d)(1), except the depositions of _____, which by agreement shall be limited as follows: _____All depositions will be limited by 30(d)(1)_____.

g.    The parties stipulate that they will be required to give at least ___10__ days' notice of their intention to serve records/documents or subpoenas on third parties prior to issuance. See NECivR 45.1

h.    Other special discovery provisions agreed to by the parties include: _____.

F.    The following claims and/or defenses may be appropriate for disposition by dispositive motion (motion to dismiss or for summary judgment or partial summary judgment.

        <u>The parties intend to file a motion for summary judgment.</u>

        Motions to dismiss and/or for summary judgment will be filed by <u>July 16, 2018</u>.

G.     Other matters to which the parties stipulate and/or which the court should know or consider:
        _____.

H.     Consent to Trial Before Magistrate Judge.

        In accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct any and all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so at a later time and the case will remain with the assigned United States District Judge or, if not previously assigned, will be randomly assigned to a United States District Judge.

        _____ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct any and all further proceedings in this case including the trial, and order the entry of final judgment.

        __X_ All parties do not consent at this time.

I.     Trial date.

    1)     Jury Trial:

        a.     _____ No party has timely demanded a jury trial.

        b.     __X__ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

        c.     _____ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available in this case. A motion to strike the <u>(plaintiff's/defendant's)</u> demand for jury trial will be filed no later than _____.

        d.     _____ Having previously demanded a jury trial, the plaintiff now waives jury trial. The defendant will file a demand for jury trial within _____ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

   e. \_\_\_\_\_ Having previously demanded a jury trial, the defendant now waives jury trial. The plaintiff will file a demand for jury trial within \_\_\_\_\_ days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

2) This case will be ready for trial before the court by:  (November, 2018) . If more than eight months are required, state the special problems or circumstances that necessitate that much time for trial preparation. _____

3) The estimated length of trial is  2-3      days.

Dated: March 19, 2018

             For the Plaintiff:

              s/Kathleen M. Neary_____
             Kathleen Neary, #20212
             Powers Law
             411 South 13th Street, Suite 300
             Lincoln, NE   68508
             (402) 474-8000
             kathleen@vpowerslaw.com

             s/Jason Doele_____
             Jason Doele, #23034
             Stratton, DeLay, Doele, Carlson & Buettner, P.C., LLC.
             200 West Benjamin Avenue
             P.O. Box 888
             Norfolk, NE   68701
             (402) 371-3100
             jdoele@norfolknelaw.com

For the Defendants:

s/Jerry L. Pigsley_____
Jerry L. Pigsley, #16639
Woods & Aitken LLP
301 South 13th Street, Suite 500
Lincoln, NE   68508
(402) 437-8500
jpigsley@woodsaitken.com

CERTIFICATE OF SERVICE

  I hereby certify that on March 19, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record, and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants: none.

          s/Kathleen M. Neary_____
          Kathleen M. Neary    #20212