IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RHONDA OLSON, | |
| Plaintiff, | 4:18-CV-3017 |
| vs. | |
| CITY OF ATKINSON, NEBRASKA, et al., | MEMORANDUM AND ORDER |
| Defendants. | |

This matter is before the Court on the motion for summary judgment (filing 30) filed by the defendants: the City of Atkinson, the Atkinson Police Department, and Tim Larby, the City of Atkinson's Chief of Police (collectively, the City). The Court will grant the defendants' motion for summary judgment.

BACKGROUND

In 2008, the plaintiff, Rhonda Olson, applied for a position as a police officer with the Atkinson Police Department. Filing 1 at 3. Although Olson was well-qualified, the City chose a different candidate—Louis Genereux. Filing 1 at 3. When Olson learned that the position had been offered to Genereux, she contacted Chief Larby to inquire further. At that time, Chief Larby told Olson that he simply selected the person "who he felt was the best fit." Filing 33-1.

But in May 2017, Olson learned the real reason she was not hired: Chief Larby did not think that the community was "ready for a female police officer." Filing 1 at 3. Based on that discovery, Olson filed this lawsuit claiming that the defendants violated her constitutional right to equal protection. Filing 1 at 1. She also alleges that the defendants' conduct violated art. I, § 1 of the

Nebraska constitution.[1] Filing 1 at 1. The defendants have moved to dismiss those claims arguing that Olson's claims are time-barred.

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(a). The movant bears the initial responsibility of informing the Court of the basis for the motion, and must identify those portions of the record which the movant believes demonstrate the absence of a genuine issue of material fact. *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the movant does so, the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial. Id.

On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts. Id. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the evidence are jury functions, not those of a judge. Id. But the nonmovant must do more than simply show that there is some metaphysical doubt as to the material facts. Id. In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit. *Quinn v. St. Louis County*, 653 F.3d 745, 751 (8th Cir. 2011). The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the

---

[1] Olson probably meant to cite art. I, § 3 of the Nebraska constitution, which contains Nebraska's equal protection clause, or art. I, § 30, which proscribes discrimination in public employment, public education, or public contracting.

jury could conceivably find for the nonmovant. *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 791–92 (8th Cir. 2011). Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial. *Torgerson*, 643 F.3d at 1042.

## DISCUSSION

As briefly noted above, Olson contends that the City violated her constitutional rights under the United States Constitution and the constitution of the State of Nebraska. *See* filing 1 at 5-10. But according to the City, Olson's claims are time-barred. Filing 31 at 5. That is true, the City says, because Olson's claim for relief accrued in on April 30, 2008, when she was not hired as a police officer, but this lawsuit was not filed until February 6, 2018—well beyond the four year statute of limitations. *See* Neb. Rev. Stat. § 25–212; *Lindner v. Kindig*, 826 N.W.2d 868, 872 (Neb. 2013); *Montin v. Estate of Johnson*, 636 F.3d 409, 412–13 (8th Cir. 2011).

Olson, on the other hand, alleges that the underlying action is timely. Filing 34 at 1. To support that contention, Olson suggests that her claim did not accrue in 2008, but rather on May 30, 2017—the date that she says she first learned her gender was the sole reason she was not hired. Filing 34 at 1. And she says that because the City "actively misled Olson as to the real reason she wasn't hired," there was no way to know of the discrimination before that date. Filing 34 at 1.

So, the question before the Court is this: what date did Olson's claims accrue? To answer that question, the Court must separately determine when Olson's federal claims and state-law claims accrued. That is true because the accrual date of Olson's federal constitutional claims are not resolved by reference to state law. *Wallace v. Kato*, 549 U.S. 384, 388 (2007); *Montin*, 636 F.3d at 413. And as the Supreme Court has explained, aspects of § 1983 which

3

are not governed by reference to state law are governed by federal rules conforming to common-law tort principles. *Wallace*, 549 U.S. at 388.

The standard federal rule is that accrual occurs when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief. *Id.* Under this rule, the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. *Id.* at 391. The cause of action accrues even though the full extent of the injury is not then known or predictable. *Id.* Were it otherwise, the Court has explained, the statute would begin to run only after a plaintiff became satisfied that he or she had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief. *See id.*

The problem this presents for Olson is evident. Here, the wrongful act (*i.e.,* gender discrimination) occurred in 2008 when Olson was not hired for the police officer position. Filing 1 at 2. But she did not file this case until February 6, 2018. Filing 1 at 1. Olson attempts to alleviate that problem by claiming that prior to May 2017 she had "no reason to believe" that she was not hired because of her gender. But whatever the plaintiff might have believed, she had already been injured—the discrimination that is the gravamen of her constitutional claim had already occurred, and at that time, she could have sued. *See Wallace,* 549 U.S. at 388.

Alternatively, Olson claims that the accrual of the statute of limitations was delayed by the doctrine of equitable estoppel. Filing 1 at 2. Equitable estoppel applies when the employee knows she has a claim, but the employer affirmatively and actively takes action that causes the employee not to timely file her suit. *Henderson v. Ford Motor Co.*, 403 F.3d 1026, 1033 (8th Cir. 2005). Equitable estoppel is a tolling doctrine that, unlike accrual, is determined by reference to state law. *Wallace*, 549 U.S. at 393-94; *Montin*, 636 F.3d at 413.

4

Under Nebraska law, there are six elements that must be satisfied for the doctrine of equitable estoppel to apply: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel. *Woodard v. City of Lincoln*, 588 N.W.2d 831, 836 (Neb. 1999).

Olson argues that Chief Larby's gender discrimination came to light only after she uncovered a written memorandum from Todd Bailey, a police officer vetting Olson for a different police officer position in South Dakota. Filing 34 at 8-9. In that memorandum, Bailey stated that Chief Larby informed him the real reason the City did not hire Olson was because Chief Larby didn't think "the community is ready for a female police officer." Filing 1 at 9. And according to Olson, she had no reason to know she was not hired because of her gender before that date. Filing 1 at 9; filing 34 at 8-9.

That is true, Olson claims, because in 2008 when she pressed Chief Larby on the reasons why she was not selected for the position, Chief Larby made false representations and concealed material facts. More specifically, Olson argues that Chief Larby concealed his gender discrimination by suggested that someone else was simply more qualified than Olson. Filing 33-1 at 13. And so, in Olson's view, the statute of limitations period was equitably

tolled until May 2017 when she learned, despite Chief Larby's statements to the contrary, that the real reason she wasn't hired was because she is a woman. Filing 33-1 at 13.

But the problem with Olson's argument is that it is contradicted, by evidence that well before 2017, Olson *did* have reason to believe she wasn't hired because of discrimination. Indeed, on November 6, 2011, Olson sent a Facebook message to a friend specifically referencing her belief that Larby chose not to hire her "because of her name and gender." Filing 33-4. That evidence demonstrates that at least as soon as November 2011, Olson had some inclination that that the reason she was not hired was actually based on a discriminatory motive. And with that knowledge, Olson's reliance on Officer Larby's previous statements to the contrary—and her subsequent inaction— are no longer reasonable under the circumstances.[2] Simply put, there is evidence that Olson had actual knowledge of the gender discrimination and the true reason she was not hired. In that scenario, equitable estoppel is not available. *See generally Woodard*, 588 N.W.2d at 836.

In short, Olson's federal constitutional claims are time-barred. The same reasoning applies to Olson's state constitutional claim. Nebraska follows the same general rule discussed above, that a statute of limitations begins to run as soon as the claim accrues, and an action based on a constitutional deprivation accrues as soon as the plaintiff's rights are affected. *See Lindner v. Kindig,* 826 N.W.2d 868, 871 (Neb. 2013); *see also Lindner v. Kindig,* 881 N.W.2d 579, 587 (Neb. 2016). And as previously explained, Olson has not presented the Court with a sufficient evidence that equitable estoppel is

---

[2] The Court notes that Olson claims her 2011 reference to gender discrimination was "based on conjecture and was only a guess." Filing 34 at 9. But even if that were true, that is sufficient knowledge to undermine Olson's reliance on Officer Larby's previous statements.

6

warranted. *See*, e.g., *Woodard,* 588 N.W.2d at 836. So, Olson's state constitutional claims are also time-barred.[3]

It is unfortunate that the City's apparent and inexcusable discrimination may go unsanctioned, but the facts supporting the City of Atkinson's statute of limitations defense are clear. Olson's claims are time-barred, and the City of Atkinson's motion for summary judgment will be granted in its entirety.

Accordingly,

1. The defendants' motion for summary judgment (filing 30) is granted.

2. Olson's complaint is dismissed.

3. A separate judgment will be entered.

Dated this 6th day of December, 2018.

BY THE COURT:

*John M. Gerrard*

John M. Gerrard
Chief United States District Judge

---

[3] In addition, Nebraska law generally does not permit a direct cause of action for violation of a state constitutional provision. *See McKenna v. Julian,* 763 N.W.2d 384, 391 (Neb. 2009); *see also* Neb. Rev. Stat. § 20-148 (any person or company "except any political subdivision" shall be liable for a violation of the Nebraska constitution). There may be a remedy for discrimination in public employment pursuant to Neb. Const. art. I, § 30(7), but as noted above, it's not clear whether Olson meant to rely on that provision. But whatever the basis for the claim, it's time-barred.